**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **TARYN HARTNETT, and DANA SHOCHED,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PHYSICIANS CHOICE LABORATORY SERVICES, DOUGLAS SMITH, PHILIP MCHUGH AND MANOJ KUMAR,**<br><br>Defendants. | **CIVIL FILE NO. 3:17-CV-37 (CONSOLIDATED WITH CIVIL FILE NO. 3:17-CV-46)**<br><br>**ORDER** |

THIS MATTER is before the Court regarding multiple pending motions filed by the parties. This matter involves the United States' partial intervention in two *qui tam* complaints originally filed in two separate district courts pursuant the *qui tam* provisions of the United States False Claims Act, 31 U.S.C. § 3730(b) (the "False Claims Act" or "FCA"), and various state false claims acts. One complaint was originally filed by relators Jenkins, Coyle and Merry on January 7, 2014, in the United States District Court for the Eastern District of Tennessee (the "Jenkins Complaint"). This case was transferred to this court in January 2017, and assigned case number 3:17-cv-46. The other complaint was filed by relators Hartnett and Shoched on November 10, 2014, in the United States District Court for the Middle District of Florida (the "Hartnett Complaint"). This case was also transferred to this court in January 2017, and was assigned case number 3:17-cv-37.

Under the FCA, and the analogous state laws, a private citizen, referred to as a "relator," may file a complaint in Federal District Court in the name of the United States and state plaintiffs.

31 U.S.C. § 3730(b)(1). The United States may proceed with the action, known as intervening, and take over the case, or may decline to intervene, in which case relator may move forward with the case. 31 U.S.C. § 3730(b)(4). The United States filed notices of partial intervention in both the Jenkins and Hartnett cases on February 19, 2019, intervening in claims based on allegations that PCLS and certain of its agents paid illegal kickbacks to James Lord and the practice Southeast Spine and Pain Associates, LLC, and paid illegal kickbacks through the provision of MedX software to physicians' practices. The United States declined intervention in claims based on all other allegations in the complaints. (Doc. No. 70 in case 3:17-cv-46 and Doc. No. 31 in case 3:17-cv-37). All of the named state plaintiffs declined intervention in both cases in their entirety.

On June 17, 2019, the United States requested that the two cases be consolidated for trial because overlapping issues of law and fact predominated in the cases. On June 20, 2019 this Court granted the order to consolidate the cases and established Case No. 3:17-cv-37 as the lead case.

Under the FCA, if the Government elects to proceed with the case, it "may file is own complaint or amend the complaint [of the relator] to clarify or add detail to the claims in which the Government is intervening and add any additional claims with respect to which the Government claims it is entitled to relief." 31 U.S.C. § 3731(c). On June 20, 2019, the United States filed its complaint in intervention adding details to the intervened claims and asserting new claims not addressed in the Relators' complaints. Relators intend to dismiss all claims contained in the two *qui tam* complaints based on allegations on which the United States did not intervene.

The following filings are before the Court:

1) Relators Jenkins, Coyle and Merry's (The "Jenkins Relators") "Unopposed Motion for Voluntary Dismissal Without Prejudice of all Non-Intervened Claims" (Doc. No. 47);

2) The Jenkins Relators' "Notice of Voluntary Dismissal of Certain Defendants" (Doc. No. 48);

3) The Jenkins Relators' "Amended Motion for Voluntary Dismissal of All Non-Intervened Claims" (Doc. No. 55);

4) The Jenkins Relators' "Amended Notice of Voluntary Dismissal of Certain Defendants" (Doc. No. 56);

5) Relators Hartnett and Shoched's (the "Hartnett Relators") "Unopposed Motion for Voluntary Dismissal Without Prejudice of All Non-Intervened Claims" (Doc. No. 45);

6) The Hartnett Relators' "Notice of Voluntary Dismissal of Certain Defendants" (Doc. No. 46);

7) The Hartnett Relators' "Amended Motion for Voluntary Dismissal of all Non-Intervened Claims" (Doc. No. 49);

8) The Hartnett Relators' "Amended Notice of Voluntary Dismissal of Certain Defendants" (Doc. No. 50);

9) The Hartnett Relators' "Notice of Consent of States to Voluntary Dismissal of All Non-Intervened State Claims" (Doc. No. 52);

10) "Notice of Tennessee's Consent to Voluntary Dismissal of all Non-Intervened State Claims" (Doc. No. 54);

11) The Jenkins Relators' "Second Amended Notice of Voluntary Dismissal to Include Two Additional Defendants" (Doc. No. 59); and

12) The "United States Consent to Dismissal of Non-Intervened Claims" (Doc. No. 60).

The Court has reviewed the above referenced documents and applicable law. The Court orders as follows:

**IT IS HEREBY ORDERED THAT:**

1) The Jenkins Relators' "Amended Motion for Voluntary Dismissal of All Non-Intervened Claims" (Doc. No. 55), the Jenkins Relators' "Amended Notice of Voluntary Dismissal of Certain Defendants" (Doc. No. 56), and the Jenkins Relators' "Second Amended Notice of Voluntary Dismissal to Include Two Additional Defendants" (Doc. No. 59) are **granted;**

2) The Hartnett Relators' "Amended Motion for Voluntary Dismissal of all Non-Intervened Claims" (Doc. Nos. 49) and the Hartnett Relators' "Amended Notice of Voluntary Dismissal of Certain Defendants" (Doc. No. 50) are **granted;**

3) The Jenkins Relators' "Unopposed Motion for Voluntary Dismissal Without Prejudice of all Non-Intervened Claims" (Doc. No. 47) and the Jenkins Relators' "Notice of Voluntary Dismissal of Certain Defendants" (Doc. No. 48) are **denied as moot**;

4) The Hartnett Relators' "Unopposed Motion for Voluntary Dismissal Without Prejudice of All Non-Intervened Claims" (Doc. No. 45) and The Hartnett Relators' "Notice of Voluntary Dismissal of Certain Defendants" (Doc. No. 46) are **denied as moot**;

5) All claims in the Jenkins Relators' complaint in which the government did not intervene shall be dismissed with prejudice as to Relators and without prejudice as to the United States and the State of Tennessee;

6) All claims against the following defendants named in the Jenkins Relators' complaint shall be dismissed with prejudice as to Relators and without prejudice as to the United States and the State of Tennessee:

   a) Marcus Sowinski; b) Joe Wiegel c) MedX Software, Inc.; d) Medxsoftware Development, LLC; e) Shaun Thompson; f) Doug Wolverton; g) Laboratory

Equipment Holdings, LLC; h) DCW Family Holdings, LLC; i) DRS 2011 Family Trust; j) Silent Storm Holdings, LLC; k) Riverwalk Holding of South Carolina; l) Smith Clovis Capital Holdings, LLC; m) CFC-Knoxville (AJS-1), PLLC, dba Complete Family Care, PLLC; n) PA-Knoxville (AJS-2), PLLC, dba Pounds A Weigh, PLLC; o) Fran (Pachinger) Incandela; p) Dr. Andrew Sugantharaj; q) Southeast Spine & Pain Associates, LLC; r) Jean N. McGuire, III, M.D.; s) Optimal Medical Management, LLC; t) Optimal Medical Management of Tennessee, LLC; u) James D. Lord; v) Christie Lord a/k/a Christie M. Lasater; w) Portia Hutchinson; x) Advanced Pain Therapeutics of Knoxville, TN, LLC; y) Sonia Crews-Foster; z) Specialists in Pain Management, P.C.; aa) Southern Pain Specialists, PLLC; bb) Vitality Centers, LLC; cc) Vitality Physicians, PA; dd) Bearden Healthcare Associates, P.C.; ee) Greater Knoxville Medical Center, LLC; ff) American RX, Inc.; gg) Aegis Compounding Pharmacy, LLC; hh) American Compounding, Inc.; ii) Cellular Sciences, LLC; jj) Vitality Labs, LLC; and kk) John Does 35-50;

7) All claims in the Hartnett Relators' complaint in which the government did not intervene shall be dismissed with prejudice as to Relators, and without prejudice as to the United States and the plaintiff States named in that complaint;

8) All claims against the following defendants named in the Hartnett Relators' complaint shall be dismissed with prejudice as to Relators and without prejudice as to the United States and the plaintiff States named in that complaint:

a) Shaun Thompson; b) Brian Eberhard; c) James Lord; d) Roderick Beaman; e) James Coker; f) Omega Health & Wellness, Inc.; g) Ulysses D. Findley; and h) Ulysses D. Findley, M.D., P.A.;

9) The United States' complaint in intervention (Doc. No. 38) shall be the operative complaint in this case going forward.

IT IS SO ORDERED.

Signed: August 26, 2019

Frank D. Whitney
Chief United States District Judge