# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General (OIG-HHS) of the Department of Health and Human Services (HHS) (collectively, the "United States"), and Manoj Kumar ("Kumar" and together with the United States hereafter collectively referred to as "the Parties"), through their authorized representatives.

## RECITALS

A. Kumar is a resident of Asheville, North Carolina. During the time of the Covered Conduct (as defined below), he was a contract sales agent and employee sales manager for Physicians Choice Laboratory Services, LLC ("PCLS") – a diagnostic testing laboratory based in Charlotte, North Carolina.

B. On January 7, 2014, James D. Jenkins, Elizabeth Coyle, and Elizabeth Merry filed a *qui tam* action in the United States District Court for the Eastern District of pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b). The case was transferred to the United States District Court for the Western District of North Carolina in January 2017 under the case number 3:17-cv-46 (the "Jenkins Action"). Relators alleged a series of violations of False Claims Act including unnecessary urine drug testing and Anti-Kickback Statute violations leading to the filing of False Claims. Kumar was not named as a defendant in the Jenkins Action.

C. On November 10, 2014, Dana Shoched and Taryn Hartnett filed a *qui tam* action in the United States District Court for the Middle District of Florida pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b). The case was transferred to the United States District Court for the Western District of North Carolina in January 2017 under the case number 3:17-cv-37 (the "Hartnett Action"). Relators alleged a series of violations of False

Claims Act including unnecessary urine drug testing and Anti-Kickback Statute violations leading to the filing of False Claims. Kumar was not named as a defendant in the Hartnett Action.

D. On February 19, 2019, the United States of America filed notices of partial intervention in the Jenkins Action and in the Hartnett Action. The United States intervened with respect to the allegations in each complaint that PCLS agents engaged in an illegal kickback scheme to pay inducements to a James Lord and Southeast Spine and Pain and to provide MedX software to certain physician practices in exchange for those practices sending urine drug tests to PCLS. The United States noted that it intended to add additional defendants and allegations of additional kickback schemes in its complaint in intervention.

E. The cases were consolidated by the Court on June 20, 2019, under Case Number 3:17-cv-37.

F. On June 20, 2019, the United States filed its complaint in intervention (the "Complaint in Intervention") in Case No. 3:17-cv-37.

G. On August 26, 2019, the Court entered an order dismissing all non-intervened claims by relators in the Jenkins Action and the Hartnett Action with prejudice as to the Relators in each action and without prejudice as to the United States and the state plaintiffs. The Court further ordered that the United States' Complaint in Intervention would be the operative complaint in this case.

H. The complaint in intervention added Kumar as a defendant and added additional allegations of illegal conduct that were not in either of the *qui tam* actions, including that Kumar violated the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, by engaging in the following conduct:

    1. Kumar engaged in a scheme with others to provide urine drug testing equipment (immune-assay analyzers) and associated supplies and services to

Dr. John Johnson and Dr. John Nickels in order to induce the doctors to refer urine drug tests to PCLS, as described in Paragraphs 159 through 219 in the Complaint in Intervention; and

2. Kumar was paid a commission, based on the volume and value of referrals, to recommend that Dr. Gregory Masimore and Dr. Yunis Shah refer their urine drug testing to PCLS, as described in Paragraphs 220 through 232 of the Complaint in Intervention.

As a result of the foregoing conduct, the United States alleged that Kumar knowingly submitted, caused the submission of, and/or conspired to submit false or fraudulent claims to Medicare.

I. The United States contends that Kumar caused to be submitted claims for payment to the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395lll-1 ("Medicare"), in violation of the False Claims Act, 31 U.S.C. § 3720.

J. The United States contends that it has certain civil claims against Kumar arising from the activity described in Recital H above during the period from November 1, 2010, through November 20, 2015. That conduct is referred to below as the "Covered Conduct."

K. This Settlement Agreement is neither an admission of liability by Kumar nor a concession by the United States that its claims are not well founded.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1. Kumar shall pay to the United States six hundred forty-nine thousand, four hundred, seven dollars ($649,407) ("Settlement Amount"), of which three hundred twenty-four thousand, seven hundred, three dollars ($324,703) is restitution, no later than 10 days after the

3

Effective Date of this Agreement by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Western District of North Carolina.

2. Subject to the exceptions in Paragraph 3 (concerning excluded claims) below, and conditioned upon Kumar's full payment of the Settlement Amount, the United States releases Kumar from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, and fraud.

3. Notwithstanding the release given in Paragraph 2 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

    a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b. Any criminal liability;

    c. Except as explicitly stated in this Agreement, any administrative liability, including mandatory or permissive exclusion from Federal health care programs;

    d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

    e. Any liability of individuals except Kumar; and

    f. Any liability based upon obligations created by this Agreement.

4. Kumar waives and shall not assert any defenses Kumar may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the

Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

5. Kumar fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Kumar has asserted, could have asserted, or may assert in the future against the United States, and its agencies, officers, agents, employees, and servants related to the Covered Conduct and the United States' investigation and prosecution thereof.

6. The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier) or any state payer, related to the Covered Conduct; and Kumar agrees not to resubmit to any Medicare contractor or any state payer any previously denied claims related to the Covered Conduct, agrees not to appeal any such denials of claims, and agrees to withdraw any such pending appeals.

7. Kumar agrees to cooperate fully and truthfully with the United States' investigation of individuals and entities not released in this Agreement. Kumar further agrees to furnish to the United States, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in his possession, custody, or control concerning any investigation of the Covered Conduct that he has undertaken, or that has been performed by another on his behalf.

8. This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 9 (waiver for beneficiaries paragraph), below.

9. Kumar agrees that he waives and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

10. Upon receipt of the payment described in Paragraph 1, above, the Parties shall promptly sign and file in the Civil Action a Joint Motion for Dismissal of Claims pursuant to Rule 41(a)(2) in the form of Exhibit A to this agreement.

11. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

12. Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

13. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Western District of North Carolina. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

14. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

15. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

16. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

17. This Agreement is binding on Kumar's successors, transferees, heirs, and assigns.

18. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

19. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

**THE UNITED STATES OF AMERICA**

DATED: 12/5/2019    BY: *[signature]*
JONATHAN H. FERRY
Assistant United States Attorney
Western District of North Carolina


DATED: 11/25/2019    BY: *[signature]*
LISA M. RE
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General
Office of Inspector General
United States Department of Health and Human Services

8

**MANOJ KUMAR**

DATED: 12-4-19        BY: _M φ uj_
                          MANOJ KUMAR

DATED: 12-4-19        BY: _C. Melissa Owen_ (signature)
                          C. MELISSA OWEN
                          Counsel for Manoj Kumar

9

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* TARYN HARTNETT, and DANA SHOCHED,<br><br>Plaintiffs,<br><br>vs.<br><br>PHYSICIANS CHOICE LABORATORY SERVICES, DOUGLAS SMITH, PHILIP MCHUGH AND MANOJ KUMAR,<br><br>Defendants. | CIVIL FILE NO. 3:17-CV-37 (CONSOLIDATED WITH CIVIL FILE NO. 3:17-CV-46) |

## NOTICE OF SETTLEMENT AND JOINT MOTION FOR DISMISSAL FILED BY THE UNITED STATES AND MANOJ KUMAR

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, the United States of America ("United States") and Defendant, Manoj Kumar ("Kumar"), having reached and executed a settlement agreement ("Settlement Agreement"), attached hereto, jointly move for dismissal of claims against Kumar as follows:

1. The United States and Kumar move for dismissal with prejudice only as to the United States' claims against Kumar that are based on the allegations contained in the "Covered Conduct" as defined in the Settlement Agreement.

2. The United States and Kumar move for dismissal without prejudice as to all additional claims set forth against Kumar in the United States' Complaint in Intervention.

3. Relators counsel have been informed of the settlement and consent to the dismissal of claims against Kumar, but reserve the right to seek a relator share of the settlement payment pursuant to 31 U.S.C. § 3730(d)(1).

4. The Parties request that the Court retain jurisdiction to the extent necessary to enforce the terms and conditions of the Settlement Agreement and here any claims brought by relators pursuant to 31 U.S.C. § 3730(d)(1).

Respectfully submitted this XX<sup>th</sup> day of November, 2019.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

| | |
|---|---|
| JONATHAN H. FERRY<br>ASSISTANT UNITED STATES ATTORNEY<br>NC Bar No. 39117<br>Suite 1650, Carillon Building<br>227 West Trade Street<br>Charlotte, NC 28202<br>Tel: (704) 344-6222<br>Fax: (704) 227-0248<br>Email: Jonathan.Ferry@usdoj.gov | C. MELISSA OWEN<br>COUNSEL FOR DEFENDANT, MANOJ KUMAR<br>Tin Fulton Walker & Owen, PLLC<br>North Carolina Bar # 28903<br>301 East Park Avenue<br>Charlotte, NC 28203<br>Phone: 704-338-1220<br>Fax: 704-338-1312<br>cmowen@tinfulton.com |

## CERTIFICATE OF SERVICE

I hereby certify that on November __, 2019, a copy of the foregoing Notice of Settlement and Joint Motion for Dismissal was duly served upon the following by mailing a copy, postage prepaid, return receipt requested, and properly addressed as follows:

Douglas Smith
1915 Chatham Ave.
Charlotte, NC 28205

Physicians Choice Laboratory Services LLC
c/o Philip McHugh
2132 Rolston Drive
Charlotte, NC 28207

<u>s//Jonathan H. Ferry</u>
JONATHAN H. FERRY
ASSISTANT UNITED STATES ATTORNEY