IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-037-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al*, *ex rel.* TARYN HARTNETT and DANA SCHOCHED,<br><br>Plaintiffs,<br><br>vs.<br><br>PHYSICIANS CHOICE LABORATORY SERVICES, *et al.*,<br><br>Defendants. | **ORDER** |

## CONFIDENTIALITY AND PROTECTIVE ORDER GOVERNING PRODUCTION OF INFORMATION AND DOCUMENTS

**UPON CONSIDERATION** of the "Joint Motion For Protective Order" (Document No. 116), filed by Plaintiff United States of America and Defendant Philip McHugh, pursuant to Fed.R.Civ.P. 26(c), and regarding the confidentiality of certain documents and information disclosed or to be disclosed in the above- captioned litigation, and finding good cause therefor:

**IT IS HEREBY ORDERED** that the Joint Motion is **GRANTED** and that all parties to this litigation are bound by the terms of the Protective Order;

**IT IS FURTHER ORDERED** that the parties may disclose confidential and/or otherwise protected information as defined below and subject to the following provisions:

1. "Confidential Material" means any information, documents, tangible things or electronic media or system produced by the parties in response to any disclosure obligation, discovery request, *Touhy* request, or subpoena, or in the course of any deposition or other testimony, or otherwise produced or disclosed in the above-captioned action, comprising or containing one or more of the following categories of information:

2

(a) Personal or business financial information, including but not limited to the records of any financial institution related to any account maintained by a party with such financial institution;

(b) Personal identifying information, including but not limited to bank or financial account numbers, social security numbers, dates of birth, home addresses, personal telephone or cell phone numbers;

(c) Any information subject to privilege or confidentiality as protected health information under state or federal law or any information subject to protection under the Privacy Act, 5 U.S.C. § 552a;

(d) Information that would constitute trade secrets under state or federal law;

(e) Confidential commercial information as it relates to any going concern, including but not limited to personnel records, prospectuses, profit and loss statements, accounting data, minutes of board meetings, professional services contracts, the costs of professional services, or professional services rendered; and

(f) Any other information the public disclosure of which would subject any party to undue burden, annoyance, or embarrassment, or pose a substantial risk of harm to such party's personal or commercial interests.

2. Counsel for any party may designate any document or information contained in a document as "Confidential" if counsel determines, in good faith, that such document or information constitutes "Confidential Material" as defined in Paragraph 1, above.

3

3. Confidential Material designated by a party must be labeled "CONFIDENTIAL" In the event that Confidential Material cannot, for any reason, be so labeled, then the disclosing party may also designate such as confidential under the terms of this Protective Order by written notice containing such designation served on the other parties to this action at or before the time of the disclosure.

4. All Confidential Material shall be used solely in the litigation of this civil action and for no other purpose.

5. Confidential Material shall not be disclosed other than to the following:

    (a) Counsel of record for any party and counsel of record's employees, including paralegals, clerical, investigatory agents, and other para-professional personnel who are actively engaged in this litigation;

    (b) Any party's current officers, directors, employees, in-house attorneys, and investigatory agents who are actively engaged in assisting that party's counsel of record in the conduct of this litigation;

    (c) Persons who are not parties or a party's employee and who are expressly retained to assist a party's counsel in the conduct of this litigation, including but not limited to, consultants, independent auditors, accountants, statisticians, economists, other experts, stenographic and/or videographic reporters, and the employees of such persons, after such person has signed and delivered to retaining counsel a statement in the form annexed hereto as "Exhibit A";

    (d) Witnesses or prospective witnesses in this litigation who are not included in subparagraphs 4(a), 4(b), or 4(c) above, who are being questioned about Confidential Material

4

during interviews or depositions conducted by counsel of record in this lawsuit as part of discovery or in preparation for trial; provided that such examining Party or counsel of record shall not allow the witness to retain any copies of Confidential Material and shall make a reasonable attempt to have such witness execute the statement in the form annexed hereto as "Exhibit A" and agree to maintain the confidentiality of any Confidential Material; and

      (e)    The Court and its staff, including stenographic and/or videographic reporters, in connection with the Court's administration and adjudication of this action.

6. Prior to disclosing or displaying Confidential Material to any individual described in Paragraphs 5(c) and (d), above, counsel shall:

    (a)    Inform the individual of the confidential nature of the information or documents;

    (b)    Provide such person with a copy of this Order; and

    (c)    Obtain the signed agreement annexed hereto as "Exhibit A."

7. No person or entity entitled to receive Confidential Material shall give or convey such material to any person or entity not so entitled except as provided herein.

8. Nothing in this Order shall prevent or in any way limit or impair the right or duty of the United States to disclose any Confidential Material in accordance with law, including its obligations to provide documents or information to the United States Congress pursuant to a congressional request.

9. In the event a party seeks to enter Confidential Material into the record or reveal Confidential Material in open court during the course of any hearing, trial or otherwise, that party shall redact all personal identifiable information prior thereto in accordance with procedures established by the Court, which may include an application or motion to seal and/or submission

5

of redacted copies to the Court. Confidential Material can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

10. This Order shall not preclude counsel for any party from using in the course of depositions any Confidential Material, provided that only those individuals identified in paragraph 5 and the stenographic and/or videographic reporter are present. All copies of the portions of deposition transcripts and exhibits that include or relate to the Confidential Material shall be marked "CONFIDENTIAL" and protected in a manner consistent with this Order.

11. In the event of a dispute related to the designation of Confidential Material, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek appropriate relief from the Court.

12. Nothing in this Protective Order constitutes an admission by any party that Confidential Material disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

13. In the event that a party, or non-party who has received Confidential Material pursuant to this Order, is served with any legal process, discovery requests, or subpoenas seeking Confidential Material by anyone who is not a party to this civil action, the person or entity so served shall give prompt written notice of such service to opposing counsel. Should the person or entity seeking access to the Confidential Material take action to enforce such legal process, the person or entity served with such legal process, discovery requests or subpoenas shall respond by setting forth the existence of this Order and shall otherwise cooperate with opposing counsel to protect the documents or information from disclosure to the extent permitted by law.

14. This Order may not be terminated, except by written agreement executed by counsel of record for each party, or by an Order of this Court for good cause shown after notice to each party. The termination of this action shall not terminate the effect of this Order. The Court shall expressly retain exclusive jurisdiction to enforce this Order beyond the date of the trial or other termination of this action in order to ensure compliance with its provisions.

15. Within 45 days of settlement, final judgment, denial of final appeal, or other termination of this action, each party and its counsel of record shall take all reasonable steps to retrieve copies of any Confidential Material disseminated to any third persons pursuant to paragraphs 5(c) and 5(d) above. Further, each party and its counsel of record shall destroy all Disclosed Material and all copies thereof in its possession, however, nothing in this Order shall be construed to limit or otherwise impair or impede the United States' obligation to maintain its file in accordance with applicable federal law.

**IT IS SO ORDERED**.

_____
David C. Keesler
United States Magistrate Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-037-FDW-DCK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *et al*, *ex rel.* **TARYN HARTNETT and DANA SCHOCHED,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**PHYSICIANS CHOICE LABORATORY SERVICES,** *et al.,*<br><br>**Defendants.** | **ORDER** |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I, _____, have received a copy of the Protective Order entered by the Court in this matter. Pursuant to Paragraph 6 of the Protective Order, I acknowledge that I have read the Order and agree to be bound by its terms.

Signed: _____ Date: _____

Name: _____
(Printed)